## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

CASE NO.:  6:18-cv-01566-CEM-KRS

CHRIS CASTORO,

>  Plaintiff,

vs.

PLANET FINANCIAL GROUP, LLC,

>  Defendant.

_____

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Planet Financial Group, LLC, ("Defendant"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12, hereby files its Answer and Affirmative Defenses in response to the Complaint filed by Plaintiff, Chris Castoro ("Castoro"), and states:

## ANSWER

## THE PARTIES:

1.      Without knowledge; therefore, denied.

2.      Admit that Defendant is a Delaware corporation doing business in Florida and that its place of business is located within the jurisdictional boundaries of the Middle District of Florida.

## JURISDICTION AND VENUE:

3.      Admit only that Castoro purports to bring a claim under the FLSA and Florida's Whistleblower Act.  Defendant specifically denies any liability under the FLSA or Florida's Whistleblower Act.

Greenberg Traurig, P.A. ■ 401 East Las Olas Boulevard, Suite 2000 ■ Ft. Lauderdale, Florida 33301 ■ Tel 954.765.0500 ■ Fax 954.765.1477 ■ www.gtlaw.com

4.      Defendant admits only that this Court has jurisdiction over Castoro's claims and that venue is proper within the Middle District of Florida; otherwise, without knowledge; therefore, denied.

## FWA STATUTORY PREREQUISITES

5.      Defendant admits only that Castoro was employed by Defendant; otherwise, denied.  Defendant specifically denies that Castoro is entitled to the protections of the FWA.

6.      Defendant admits only that it is a limited liability company that employs more than 10 people; otherwise, denied.

7.      Denied.

## FLSA STATUTORY PREREQUISITES

8.      Defendant admits only that it is an employer under the FLSA, but specifically denies any liability under the FLSA.

9.      Defendant admits that Castoro was employed by Defendant; otherwise, denied. Defendant specifically denies that Castoro is entitled to the protections of the FLSA.

10.      Defendant admits that Castoro was employed by Defendant and that such employment took place in Orange County, Florida.

11.      Denied.

12.      Denied.

13.      Denied.

## GENERAL ALLEGATIONS

14.      Admitted.

15.      Denied.

16.      Denied.

17.     Without knowledge; therefore, denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Defendant admits only that Castoro was terminated on or about March 20, 2018; otherwise, denied.  Defendant specifically denies that Castoro was fired in retaliation for engaging in protected activity.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Defendant admits only that Castoro was terminated on or about March 20, 2018; otherwise, denied.  Defendant specifically denies that Castoro was fired in retaliation for engaging in protected activity.

31.     Denied.

32.     Denied.

33.     Paragraph 33 of the Complaint contains conclusions of law and is therefore denied.

34.     Denied.

35.     Defendant expressly denies the allegations contained in Paragraph 35 of the Complaint and all subparts therein.

36.     Defendant admits only that Castoro was terminated on or about March 20, 2018; otherwise, denied.  Defendant specifically denies that Castoro was fired in retaliation for engaging in protected activity.

37.     Denied.

38.     Denied.

39.     Denied.

## SPECIFIC ALLEGATIONS

## COUNT I

## VIOLATION OF FLORIDA'S WHISTLEBLOWER ACT

40.     Defendant realleges its responses to the allegations contained in Paragraphs 1-39 of the Complaint, as if fully set forth herein.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Defendant denies that Castoro is entitled to be awarded attorney's fees, court costs, and expenses.

## RESPONSE TO CASTORO'S PRAYER FOR RELIEF IN COUNT I

Defendant denies Castoro is entitled to the relief requested in his prayer for relief in Count I.

## COUNT II

## FAIR LABOR STANDARDS ACT DISCRIMINATION/RETALIATION

45.     Defendant realleges its responses to the allegations contained in Paragraphs 1-4, 8-
15, and 31-39 of the Complaint, as if fully set forth herein.

46.     Denied.

47.     Denied.

48.     Denied.

### RESPONSE TO CASTORO'S PRAYER FOR RELIEF IN COUNT II

Defendant denies Castoro is entitled to the relief requested in his prayer for relief in Count
II.

### JURY DEMAND

49.     Defendant admits only that Castoro has requested a trial by jury.

### GENERAL DENIAL

Defendant denies each and every allegation contained in the Complaint not expressly
admitted herein.

### AFFIRMATIVE DEFENSES

Defendant states the following affirmative defenses to Castoro's Complaint and reserves
the right to amend these defenses as discovery continues or the facts warrant:

### First Affirmative Defense

Castoro's claims are barred, in whole or in part, because Defendant based all decisions
concerning Castoro on legitimate non-retaliatory and non-pretextual reasons unrelated to any
purported objection on the part of Castoro. Namely, Castoro's at-will employment was
terminated for improper conduct, unprofessional behavior, and violation of company policy.

### Second Affirmative Defense

Castoro's claim in Count II of the Complaint, under the Fair Labor Standards Act, fails as a matter of law because Castoro does not have standing to challenge the classification of another employee.

### Third Affirmative Defense

Castoro is barred from recovery on both Counts of the Complaint, in whole or in part, because even if some impermissible reason had entered into Defendant's decision-making process regarding Castoro, which is expressly denied, Castoro's at-will employment with Defendant would still have ended absent the purported impermissible reason.

### Fourth Affirmative Defense

Castoro is barred from recovery on each Count of the Complaint, in whole or in part, by his own failure to mitigate his damages.

### Fifth Affirmative Defense

In the event that Castoro recovers any damages on his claims, for which liability on the part of the Defendant is expressly denied, then such recovery must be reduced by all actual earnings from any subsequent employer and any amounts that Castoro could have earned by the exercise of reasonable diligence to secure new employment.

### Sixth Affirmative Defense

Castoro's claims fail due to a lack of causation.  Any damages purportedly suffered by Castoro were not the result of actions taken by the Defendant.

## Seventh Affirmative Defense

Castoro's claims are barred by the equitable doctrine of unclean hands based upon, among other things, Castoro's violations of company policy and his unprofessional behavior in the workplace.

## Eighth Affirmative Defense

Castoro's claims in Count I of the Complaint fail as a matter of law because all of Defendant's actions, transactions, and finances were in compliance with the Truth in Lending Act and all other applicable statutes, rules, and regulations.

## Ninth Affirmative Defense

Castoro's cause of action for retaliation, under both the Fair Labor Standards Act and Florida's Whistleblower Act, fails because Castoro did not object to any of Defendant's practices during his employment with Defendant.

## Tenth Affirmative Defense

In the event that Castoro recovers any damages on his claims, for which liability on the part of the Defendant is expressly denied, then Defendant is entitled to a set off for any and all damages and harm caused to Defendant by Castoro's actions and misconduct.

## ATTORNEY'S FEES

As a result of these proceedings, Defendant has retained the undersigned law firm, and have an obligation to pay a reasonable fee for the defense of this matter.  Castoro's Complaint is frivolous, made in bad faith, or groundless, and therefore, pursuant to Fed. R. Civ. P. 11, Defendant is entitled to recover its reasonable attorneys' fees in defending this action.

**WHEREFORE**, Planet Financial Group, LLC, having fully answered in this matter, respectfully requests that the relief sought in Castoro's Complaint be denied, that Defendant be

awarded its attorneys' fees and costs, and such other and further relief as this Court deems just and proper.

Respectfully submitted,

*Attorneys for Defendant Planet Financial Group, LLC*

GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard
Suite 2000
Fort Lauderdale, Florida 33301
Telephone: (954) 765-0500
Telefax: (954) 765-1477

By:*/s/ John McManus*
PAUL RANIS
Florida Bar No. 64408
Email: ranisp@gtlaw.com;
rosr@gtlaw.com;
and flservice@gtlaw.com
JOHN MCMANUS
Florida Bar No. 0119423
Email: mcmanusj@gtlaw.com;
yeargina@gtlaw.com;
and flservice@gtlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of September, 2018, a true and correct copy of

the foregoing is being filed with the CM/ECF system, which will generate Notices of Electronic

Filing to all counsel identified on the attached Service List by electronic mail.

*s/ John McManus*
John McManus

## SERVICE LIST

CHRIS CASTORO v. PLANET FINANCIAL GROUP, LLC.

_____

_Counsel for Plaintiff_

Travis R. Hollifield, Esquire
E-mail: trh@trhlaw.com
HOLLIFIELD LEGAL CENTRE
147 E. Lyman Avenue – Suite C
Winter Park, Florida 32789
Telephone: (407) 599-9590
Facsimile: (407) 599-9591
FTL 111926471v1

10