# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHRIS CASTORO,**

       **Plaintiff,**

**v.**                                           **Case No: 6:18-cv-1566-Orl-41KRS**

**PLANET FINANCIAL GROUP, LLC,**

       **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **DEFENDANT'S MOTION TO QUASH PLAINTIFF'S SUBPOENAS FOR PRODUCTION OF DOCUMENTS FROM NON-PARTIES HOMETEAM EQUITY, LLC AND FIFTH THIRD BANCORP AND FOR ENTRY OF A PROTECTIVE ORDER (Doc. No. 18)**
>
> **FILED:**     **December 11, 2018**
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part** and **DENIED in part**.

Plaintiff, Chris Castoro, filed a complaint in state court against Defendant Planet Financial Group, LLC ("Planet"), alleging violation of the Florida Whistleblower Act ("FWA"), Fla. Stat. § 448.101, *et al*., and retaliation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Doc. No. 1. Planet removed the case to this Court based on federal question jurisdiction and supplemental jurisdiction. Doc. No. 1.

Plaintiff served subpoenas for production of documents on two nonparties: HomeTeam Equity, LLC ("HomeTeam"); and Fifth Third Bancorp ("Fifth Third"). Doc. Nos. 18-1, 18-2.

Both subpoenas require production of documents on December 14, 2018. *Id.* The subpoena to HomeTeam was served on November 26, 2018, Doc. No. 20-2, and HomeTeam served objections to the subpoena on December 5, 2018. The subpoena to Fifth Third was served on November 23, 2018, and Fifth Third served objections to the subpoena on December 7, 2018. Doc. No. 18-4.

Planet now asks the Court to quash both subpoenas and to enter a protective order relieving each nonparty from the obligation to respond to the subpoena served on it. Plaintiff has filed a motion to compel HomeTeam to respond to the subpoena. Doc. No. 20. As of the writing of this Order, no motion to compel Fifth Third to respond to the subpoena served on it has been filed.

The motion to enter a protective order to relieve Fifth Third of the obligation to respond to the subpoena is well taken. Federal Rule of Civil Procedure 45(d)(2)(B) provides that if a nonparty commanded to produce documents objects to the subpoena within 14 days after service, the nonparty is entitled to protection unless and until the party issuing the subpoena files a motion to compel compliance with the subpoena. Fifth Third served its objection to the subpoena within 14 days after service. Because Plaintiff has not filed a motion to compel Fifth Third to respond to the subpoena, the motion for a protective order as to Fifth Third is **GRANTED**. Fifth Third need not respond to the subpoena unless and until it is ordered to do so by this Court. Fed. R. Civ. P. 45(d)(2)(B)(ii).

The motion for a protective order to relieve HomeTeam of the obligation to respond to the subpoena is also well taken in part. HomeTeam timely served objections to the subpoena issued to it. While Plaintiff has filed a motion to compel HomeTeam to respond to the subpoena, the motion to compel is not yet ripe for consideration. Therefore, the motion for a protective order as to HomeTeam is also **GRANTED**. HomeTeam need not respond to the subpoena unless and until it is ordered to do so by the Court. *Id.*

The requests to quash the subpoenas are **DENIED**. While Planet contends that it has standing to move to quash the subpoenas on behalf of the nonparties, it presented no evidence to support its assertion that the subpoenas call for production of its "highly confidential" information. "In the absence of a claim of privilege, a party does not have standing to object to a subpoena directed to a non-party witness." *Medi-Weightloss Franchising USA, LLC v. Medi-Weightloss Clinic of Boca Raton,* LLC, No. 8:11-cv-2437-T-30MAP, 2012 WL 12904394, at * 3 (M.D. Fla. May 10, 2012). Planet may assert its claim that the subpoenas call for production of documents in which it asserts a personal right or privilege, supported by evidence, in response to motions to compel. However, the nonparties must also respond to motions to compel or their objections to the subpoenas may be found to have been abandoned. *Cf. Platypus Wear, Inc. v. Clarke Modet & Co., Inc.*, No. 06-20976-CIV, 2007 WL 4557158, at *2–3 (S.D. Fla. Dec. 21, 2007).

**DONE** and **ORDERED** in Orlando, Florida on December 13, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE